E-FILED
Friday, 02 September, 2016  11:58:29 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JACOBIE THOMAS,                         )
                                        )
           Petitioner,         )
                                        )
       v.                  )     Case No. 16-2056
                                        )     Crim. Case No. 09-20058
UNITED STATES OF AMERICA,               )
                                        )
           Respondent.         )

## <u>ORDER AND OPINION</u>

      This matter is now before the Court on Petitioner Thomas' § 2255 Motion to Vacate, Set

Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [4] is Denied.

### BACKGROUND

      Petitioner Thomas filed this § 2255 action seeking to vacate, set aside, or correct his

sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015). Thomas pled guilty to one

count of distributing five grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B) on August 4, 2009.  Because Thomas had prior convictions for a

controlled substance offense and residential burglary,[1] he qualified for the Career Offender

enhancement under U.S.S.G. § 4B1.1.  His guideline sentencing range then became 262 – 327

months.  As a result of a motion by the Government to reflect his substantial assistance, he was

sentenced to 200 months' imprisonment on July 9, 2010.

---

[1] Petitioner was convicted of unlawful possession of a controlled substance with intent to deliver in Case No. 2000-CF-383 in Macon County and residential burglary in Case No. 2000-CF-1649 in Macon County.

### STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude*." Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

### ANALYSIS

The Government first argues that this motion is barred by the collateral attack waiver in Thomas' plea agreement. Thomas contends that in light of recent Supreme Court precedent in the wake of *Johnson*, the collateral attack waiver should not be enforced to preclude a challenge to a constitutionally illegal sentence or a fundamental miscarriage of justice.

Appeal and collateral attack waivers contained in plea agreements are generally enforceable. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). That being said, there are a few exceptions to this general rule; plea waivers are not enforceable if they are involuntary, if the sentence exceeds the statutory maximum, if the court relied on a constitutionally impermissible factor, or if there was ineffective assistance of counsel with respect to the negotiation of the plea agreement. *Id.*, at 964-66; *United States v. Behrman*, 235 F.3d 1049, 1052

(7th Cir. 2000); *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).  Thomas does not assert

either of these exceptions.  Paragraph 27 of the Plea Agreement provides as follows:

> The defendant also understands that he has a right to attack his conviction
> or sentence collaterally on the grounds that the Constitution or laws of the United States
> were violated, he received ineffective assistance from his attorney, this Court was
> without proper jurisdiction or the conviction or sentence was otherwise subject to
> collateral attack. The defendant understands such an attack is usually brought through
> a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his
> attorney have reviewed Section 2255, and the defendant understands the rights that
> statute gives him. The defendant's attorney has fully discussed and explained this
> waiver with the defendant but has made no recommendation to the defendant as to the
> waiver of a motion under Title 28, United States Code, Section 2255. The defendant
> specifically acknowledges that the decision to waive the right to challenge any later
> claim of the ineffectiveness of the defendant's counsel was made by the defendant alone
> notwithstanding any advice the defendant mayor may not have received from the
> defendant's attorney regarding this right.

Paragraph 28 then adds:

> Regardless of any advice his attorney has given him one way or the other,
> in exchange for the concessions made by the United States in this Plea Agreement, the
> defendant hereby knowingly and voluntarily waives his right to challenge any and all
> issues relating to his plea agreement, conviction and sentence, including any fine or
> restitution, in any collateral attack, including, but not limited to, a motion brought
> under Title 28, United States Code, Section 2255. The defendant acknowledges and
> agrees that the effect of this waiver is to completely waive any and all rights and ability
> to appeal or collaterally attack any issues relating to his conviction and to his sentence
> so long as the sentence is within the maximum provided in the statutes of conviction.

Thomas agreed to representations regarding the voluntariness of the waivers in Paragraph 29.

> The defendant states that he has not been coerced, threatened,
> intimidated, or in any other way involuntarily persuaded to waive his rights to appeal
> or collaterally attack his sentence by his attorney or anyone else. The defendant is
> waiving those rights because he personally believes it is in his best interest to do so in
> order to obtain the benefit of the concessions made by the United States in this
> agreement. The defendant understands the United States is unwilling to make some of
> those concessions unless he is willing to waive his rights to appeal or collaterally attack
> his sentence as part of the bargain. The defendant and asks the Court to accept this
> waiver so he can receive the full benefit of this agreement.

Finally, before signing, he agreed to statements indicating the informed and voluntary nature of

the entire plea, including the waiver provisions.

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Michael J. Zopf. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in it's entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Based on consideration of these representations by Thomas, which are entitled to a presumption of verity, as well as the lack of any contrary assertions in the § 2255 motion, the Court finds that Thomas has failed to demonstrate that his collateral attack waiver should not be enforced. *United States v.* Barnes, 405 F.3d 634, 636-37 (7th Cir. 2005) (finding that plea waivers are enforceable even where there is an unforeseen change in the law in favor of the defendant after sentencing); *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009).  Enforcement of the waiver bars any further consideration of his § 2255 motion.   That being said, in an abundance of caution given the changing landscape of precedent in the wake of *Johnson*, the Court will alternatively address the merits of the motion.

Thomas claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as a career offender under Section 4B1.1 of the

4

United States Sentencing Guidelines. That Section of the Guidelines provides that a defendant is

a career offender if:  (1) the defendant was at least eighteen years old at the time the defendant

committed the instant offense of conviction; (2) the instant offense of conviction is a felony that

is either a crime of violence or a controlled substance offense; and (3) the defendant has at least

two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). Section 4B1.2(a) defined the term "crime of violence":

> (a) The term "crime of violence" means any offense under federal or state law,
> punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force
> against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or*
> *otherwise involves conduct that presents a serious potential risk of physical injury*
> *to another*.

U.S.S.G. 4B1.2 (emphasis added)[2]

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career

Criminal Act violates due process because the clause is too vague to provide adequate notice.

*Johnson v. United States*, 135 S.Ct. 2551 (2015). The residual clause of the ACCA struck down

by the Supreme Court is identical to the residual clause in Section 4B1.2(a) of the Sentencing

Guidelines, italicized above. In *Price v. United States*, the Seventh Circuit held that *Johnson*

announced a new substantive rule of constitutional law that the Supreme Court has categorically

made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made

clear that *Johnson* is retroactive not only to cases on direct appeal, but also to case on collateral

review. *Id.*

---

[2] In its Supplement to the 2015 Guidelines Manual, the Sentencing Commission amended the list of enumerated offenses under the definition for "crimes of violence" to apply to any offense that:  "(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson  extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."  However, this amendment became effective August 1, 2016, and there is no indication that the amendment is to be applied retroactively.  Accordingly, Thomas does not benefit from this recent amendment.

Thomas' Motion seeks to invoke *Johnson*, claiming that one of his prior offenses fell within the residual clause of the guidelines. However, *Johnson* invalidated only the residual clause of the Armed Career Criminal Act, while Thomas qualified for a sentence enhancement under the career offender provision in the Sentencing Guidelines, not the ACCA.   In the Seventh Circuit, *Johnson* has not been extended to enhancements under the sentencing guidelines, such as the career offender provision. While the premise may someday be extended to the substantively similar language of the career offender provision in the guidelines, it has not at this time. The issue is currently pending before the Supreme Court in *Beckles v. United* States, Case No. 15-8544, and the Seventh Circuit in *United States v. Rollins*, No. 13-1731; *United States v. Hurlburt*, Case No. 1403611; *United States v. Gillespie*, Case No. 15-1686.  However, the Seventh Circuit's prior decision in United States v. Tichenor, 683 F.3d 358, 364 (7th Cir. 2012), held that the guidelines are not subject to vagueness attacks, which is precisely what an application of Johnson under these circumstances would entail.  Moreover, even assuming that the holding of *Johnson* is ultimately applied to the residual clause of the career offender guideline, it is far from certain that it would also be found to apply retroactively to these cases on collateral review.  *See Garecht v. United States*, 2016 WL 3581994 (C.D.Ill. June 28, 2016).

Even assuming that *Johnson* could be applied under the circumstances of this case, the record indicates that Thomas would not be entitled to relief as the convictions qualifying him as a career offender did not invoke the residual clause of the guideline.  Rather, one of the convictions was a prior controlled substance offense, which were unaffected by the holding in *Johnson*; the other involved a conviction for residential burglary.  The Government argues that the residential burglary conviction qualified as a crime of violence under the enumerated offenses clause of § 4B1.2(a)(2).  *See* U.S.S.C. *Guidelines* Manual, § 4B1.2(a)(1), comment.

(n.1) (November 2015) (discussing burglary of a dwelling as a crime of violence separate from offenses falling within the residual clause); *United States v. Duckworth*, 64 Fed.Appx. 545, 547 (7th Cir. 2003) (finding that "[r]esidential burglary qualifies as a crime of violence as defined in § 4B1.2 because 'burglary of a dwelling' is enumerated in subsection (a)(2).")  Convictions qualifying under the enumerated clause were unaffected by the holding in *Johnson*.

Thomas was charged with and convicted of residential burglary under 720 ILCS 5/19-3, which currently provides:

> (a)  A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19-1.

> (a-5) A person commits residential burglary when he or she falsely represents himself or herself, including but not limited to falsely representing himself or herself to be a representative of any unit of government or a construction, telecommunications, or utility company, for the purpose of gaining entry to the dwelling place of another, with the intent to commit therein a felony or theft or to facilitate the commission therein of a felony or theft by another.

At the time of Thomas' conviction, residential burglary was defined as:  "(1) A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft."

The Seventh Circuit has held that residential burglary under Illinois law meets the requirement in *Taylor v. United States*, 495 U.S. 575, 599 (1990), of being a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Dawkins v. United States*, 809 F.3d 953, 954-55 (7th Cir. 2016). The Court of Appeals further noted that as no particular degree of force is require in order for a burglary to count as a predicate offense.  Furthermore, "[t]here is no tension . . . between *Johnson* and *Descamps*, because the sentencing court did not need to resort to the residual clause

of the Armed Career Criminal Act in order to determine that [the defendant's] prior conviction for burglary was a conviction for a crime of violence, for it was a conviction for 'burglary' as defined by the Supreme Court in the *Taylor* decision." *Id.*, at 956.

Therefore, Thomas is not entitled to relief under *Johnson*, and his Motion must be denied.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

 Here, when the questions of applicability and retroactivity of *Johnson* to cases challenging career offender cases under the USSG on collateral review are construed in his favor, and in light of decisions and/or strong dissents in *Johnson*, *Descamps*, *Dawkins*, and *United States v. Mathis*, 136 S.Ct. 2243 (2016), and as yet non-retroactive amendment to § 4B1.2 discussed in Footnote 2, the Court concludes that reasonable jurists could debate whether Thomas' prior burglary conviction still qualifies as a predicate for the career offender enhancement under the Sentencing Guidelines. Accordingly, this Court will issue him a certificate of appealability.

### CONCLUSION

For the reasons stated above, Petitioner Thomas' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DENIED, but the Court grants a Certificate of Appealability.  This matter is now terminated.

ENTERED this 2nd  day of September, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

8